### UNITED STATES v. AMSTER et al.

(District Court, E. D. New York. April 20, 1921.)

1. **Conspiracy** �köö43(5)—**Averment of overt acts cannot aid statement of offense.**

    The statement of overt acts in the indictment cannot be used to supply deficiencies in a charge of conspiracy, but the charging portion of the indictment must state all the necessary elements of the offense.

2. **Conspiracy** �köö43(10)—**Indictment for conspiracy to defraud the United States held sufficient.**

    An indictment charging a conspiracy to collusively submit false and fraudulent bids for tea offered for sale by the Surplus Property Division of the Army *held* sufficient as charging a conspiracy to defraud the United States.

Criminal prosecution by the United States against Isidor Amster and others. On demurrer to indictment. Overruled.

Leroy W. Ross, U. S. Atty., and Henry J. Walsh, Asst. U. S. Atty., both of Brooklyn, N. Y.

Hirson & Bertini, of New York City (Max M. Hirson, of New York City, of counsel), for defendant Amster.

⊘⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

CHATFIELD, District Judge. Upon arraignment of the three defendants, one (Isidor Amster) has demurred to the indictment on the ground that it does not sufficiently charge the crime of conspiracy to defraud the United States.

[1] The language of the indictment does not directly, and step by step, detail the entire chain of circumstances, so as to lead up to a plain statement of the conclusion which would define in general terms the precise fraud which the defendants are said to have planned by their conspiracy. The statement of overt acts cannot be used to supply deficiencies in the charge of conspiracy. Hyde v. United States, 225 U. S. 347 at page 359, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614. The charging portion of the indictment must define all the necessary elements of the conspiracy, and also all the necessary elements of the acts which are alleged to constitute either an offense under the laws of the United States or a fraud upon the United States. But the defendant cannot, by misinterpreting or assuming according to his own ideas the crime or fraud charged, present successfully a demurrer upon the theory that the indictment fails to set forth all the elements which he thinks are necessary to support the charge which he has in mind.

[2] The present indictment alleges that the defendants planned to defraud the United States, by collusively presenting three false or fraudulent bids, the highest of which was below market price, and at which price the defendant Nullet agreed to let the defendant Amster, who has demurred, have 50,000 pounds of tea from that offered for sale by the Surplus Property Division of the United States Army.

This is not a charge of conspiracy to commit an offense against the United States, although the presentation of false bids may have constituted an offense against the United States, as to which a conspiracy might also have been charged. Nor is this an indictment for defrauding the United States by failure on the part of Nullet to do his duty by personally carrying out the transaction, and thus consummating a sale at a price at which the United States suffered an actual loss. In fact, there is no allegation as to whether the conspiracy was discovered and frustrated, or whether it was consummated. The criminal element lay in the plot to present three false bids, under the guise of honest competition, coupled with the agreement of the person in charge of the bids to keep silent as to the falsity or fraudulent character of the bids themselves.

A conspiracy to defraud does not necessarily mean that the fraud must deprive the government of cash. Hyde v. United States, supra. It is evident that if three honest bidders had put in bids at the prices named, and if the officers in charge had deemed it wise to accept these bids, the government might have realized no more than it would under this fraudulent scheme; but if the charge relates to a material matter, and if the government is to be deprived of some right which is given to it under the laws, and particularly if the right presumably will cause the government monetary loss as well, then the gov-

ernment is being defrauded, and such an act can be charged as the object of a conspiracy, whether or not it might also be indictable as an offense.

Demurrer overruled.